UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:13-CR-07 |
| | ) | | (VARLAN/GUYTON) |
| RICHARD HALL, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on defendant Richard Hall's Objection to the United States Magistrate Judge's Order Denying his Specific Request for Discovery, Specifically, an Audio/Visual Recording [Doc. 21], in which the defendant appeals the memorandum and order filed by the magistrate judge [Doc. 20] denying the defendant's discovery request [Doc. 12]. The government filed a response [Doc. 22]. For the reasons explained herein, the Court will affirm the rulings of the magistrate judge.

**I.     Background**

The defendant is charged with being a previously convicted felon in possession of a firearm and ammunition on or about September 14, 2012, in the Eastern District of Tennessee [Doc. 1]. The firearms were discovered during the execution of a search warrant of the defendant's property located at 225 Andy Carr Avenue in Alcoa, Tennessee, which was issued by a state court judge after police received information that the defendant was the source of crack cocaine used in a controlled buy [Doc. 21 at 2].

During the execution of the search warrant, law enforcement discovered several firearms inside the defendant's residence but did not discover any drugs [*Id.*].

In order to obtain the search warrant which ultimately led to the discovery of the firearms, an affidavit was submitted by law enforcement which described a drug deal between a confidential informant and a seller [*Id.*]. At the time of the drug transaction, the confidential informant was equipped with an audio/video recording device. The affidavit states that the confidential informant was told by the seller that the defendant was the source of the crack cocaine which was the subject of the controlled purchase [Doc. 16-1 at 4].

After the defendant's arrest for the firearms, the defendant filed a motion to suppress the evidence obtained during the search, arguing that the search itself was unlawful because of the insufficiency of the search warrant [Doc. 11]. The defendant seeks discovery of the video recording in preparation for the pending suppression hearing [Doc. 12].

## II. Standard of Review for Appeal

Section 636(b)(1)(A) of Title 28 of the United States Code allows district judges, subject to certain exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). A district judge may reconsider any pretrial matter determined under "subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

2

**III. Analysis**

In his motion for discovery [Doc. 12], the defendant argued that access to the video recording is necessary to prepare for the suppression hearing because he denies the events underlying the issuance of the search warrant and wants his attorney "to be permitted to verify the events, in some manner, that triggered the federal indictment and prosecution of his case" [Doc. 12 at 4]. In support of his motion the defendant cited to Rule 16 of the Federal Rules of Criminal Procedure in addition to other authority.[1]

The magistrate judge concluded that the video recording at issue was not material to the defendant's defense as to the charge of being a previously felon in possession of firearm. Specifically, the Court found that, based upon its *in camera* review of the video recording, the "video recording has nothing to do with the possession of a firearm or ammunition" [Doc. 20 at 4]. In coming to this conclusion the magistrate judge relied upon the definition of "defense" as set forth in *United States v. Armstrong*, 517 U.S. 456, 462 (1996), that is, the defendant's response to the government's case in chief. The magistrate judge found that the defendant was not entitled to the recording under Rule 16 since the video recording concerned a drug transaction rather than the defendant's possession of firearms. The Court also found that the confidential informant privilege, as established in *Roviaro v. United States*, 353 U.S. 53, 59 (1957), applied because the

---

[1] Although the defendant argued that the video recording may also be discoverable pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Due Process Clause, the magistrate judge found the video recording was not discoverable under any of these doctrines and the defendant does not appear to challenge this ruling on appeal.

3

disclosure of the contents of the video recording would not be relevant or helpful to the defendant's case.

On appeal, the defendant argues that the magistrate judge's ruling is clearly erroneous because it applies the *Armstrong* Court's narrow definition of the term "defense" outside of the context in which the case was decided. Specifically, the defendant moves the Court to use a broader definition of "defense" in Rule 16 to include the preparation for a suppression hearing. The defendant also argues that, given the relevancy and helpful nature of the evidence, the confidential informant privilege does not apply.

### A. Rule 16(a)(1)(E)

Rule 16(a)(1)(E) provides, in relevant part:

> [u]pon a defendant's request, the government must permit a defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

In *Armstrong*, the Court addressed the meaning of the term "defense" in Rule 16(a)(1)(C), later amended as Rule 16(a)(1)(E), in the context of a selective prosecution claim. The Court held that "'the defendant's defense' means the defendant's response to

4

the [g]overnment's case in chief." 517 U.S. at 462. The Court noted that interpreting the term "defense" in this way made subsection (i) symmetrical to subsection (ii), creating a "symmetry between documents 'material to the preparation of the defendant's" defense, and, in the very next phrase, documents 'intended for use by the government as evidence in chief at the trial." *Id.* Accordingly, as the Sixth Circuit has noted, the Court held that the rule requiring disclosure "'applies to "shield claims" that refute the [g]overnment's arguments that the defendant committed the crimes charged.'" *United States v. Semrau*, 693 F.3d 510, 529 (6th Cir. 2012) (quoting *United States v. Robinson*, 503 F.3d 522, 531-32 (6th Cir. 2007)); *see also United States v. Lykins* 428 F. App'x 621, 624 (6th Cir. 2011) (finding that district court did not violate in felon-in-possession case where defendant sought discovery of photograph prior to trial because it "would not have assisted defendant in refuting the government's case"). The Sixth Circuit has since used the language of *Armstrong* and applied its interpretation of Rule 16 in affirming a denied discovery request pertaining to evidence requested for the purposes of corroboration of trial testimony, *Semrau*, 693 F.3d at 529, and in affirming the denial of a defendant's request for access to his co-defendants' presentence reports to support a claim of sentencing disparity, *Robinson*, 503 F.3d at 531. *See also United States v. Brinson*, 208 F. App'x 420, 424 (6th Cir. 2006) (noting that "*Armstrong* arose in the context of a selective prosecution claim" but applying its holdings to defendant's request for co-conspirators' pre-sentence reports).

The defendant relies upon several cases for the idea that the definition of the term "defense" provided by *Armstrong* only applies within the narrow factual circumstance of a selective prosecution claim, but those cases are inapposite. *Chavez v. Ill. State Police*, 251 F.3d 612 (7th Cir. 2001) was a civil case in which the court distinguished the *Armstrong* defendant's criminal selective prosecution claim from the plaintiff's racial profiling claim, neither of which is at issue here. *United States v. Duque-Nava*, 315 F. Supp. 2d 1144 (D. Kan. 2004) concerned a claim of selective enforcement involving police officers, which the court distinguished from the selective prosecution claim in *Armstrong*, and *United States v. Feil*, No. 95-157, 2010 WL 3834978 (N.D. Cal. Sept. 29, 2010) concerned a discovery request based on whether an investigation was tainted by a search previously deemed illegal by the Ninth Circuit Court of Appeals. Finally, *United States v. Cedano-Arellano*, 33d F.3d 568 (9th Cir. 2003) involved a discovery request by a defendant charged with a drug offense for the certifications and training logs of the dog who alerted to the presence of narcotics because the reliability of the dog was "crucial in his defense" and allowed him to "conduct an effective cross-examination of the dog's handler" at trial, *id.* at 571. The evidence sought there, information about the dog who alerted to drugs, was directly related to the crime charged, drug trafficking, whereas here the defendant is not charged with any drug crime, the subject of the video recording, but only the firearm offense.

In light of the Sixth Circuit's use of *Armstrong's* definition of "defense" outside of the context of a selective prosecution claim, and in the absence of case law supporting the

6

defendant's position, the defendant cannot show that the magistrate judge committed clear error in denying the defendant's motion on this ground. Accordingly, the Court will affirm the magistrate judge's memorandum and order as it relates to this issue.

### B. Confidential Informant Privilege

The defendant also argues that the magistrate judge erred in denying the defendant's discovery request in finding that the risk that the recording would reveal the identity of the informant was great and in finding that the information was not relevant or helpful to the defendant's case. Specifically, the defendant argues that the requested discovery is relevant and helpful because it is the informant's actions that led to the search warrant that led to the discovery of the firearm and ammunition.

The magistrate judge first concluded that the video recording in question would reveal the identity of the confidential informant. Having reviewed the recording, the Court agrees with the magistrate judge that discovery of the recording would disclose the informant's identity. Further, the defendant has not presented any evidence or legal argument to show that the magistrate judge's conclusion was erroneous or contrary to law so as to warrant disclosure of the recording.

In *Roviaro*, the Supreme Court recognized the government's limited privilege to withhold the identity of informants from public disclosure in certain situations, but held that the privilege did not apply where "the disclosure of an informer's identity, or of the contents of his communication, [was] relevant and helpful to the defense of an accused, or [was] essential to a fair determination of a cause . . . ." *Id.* at 60-61. The Court noted

7

several factors for consideration in determining whether the public's interest in "protecting the flow of information" outweighed "the defendant's right to prepare a defense," *United States v. Beals*, 698 F.3d 248, 269 (6th Cir. 2012), including "the crime charged, the possible defenses, [and] the possible significance of the informer's testimony[,]" *Roviaro*, 353 U.S. at 62. The *Roviaro* Court found the charged offense, facilitating the transportation of drugs, was "so closely related to the [informant] as to make his identity and testimony highly material," when the informant committed the same acts and was involved in the same activity for which the defendant was charged, and thus required disclosure of the informant to the defendant. *Id.* at 63-64. In *Beals*, however, the Sixth Circuit found that the confidential informant's only role in that case "was supplying reliable information to police that led to a fruitful search." 698 F.3d at 270. That case involved a defendant charged with the production of methamphetamine as well as firearms charges which stemmed from the execution of a search warrant, which was based in part on the statements of a confidential informant. *Id.* at 269. The court, in affirming the district court's denial of a request for disclosure, noted that "the informant helped orchestrate *the search* that led to discovery of incriminating evidence, not the crimes themselves," so that disclosure was not warranted. *Id.* at 270.

In this case, the video recording of the drug transaction between the confidential informant and seller does not relate to the crime the defendant is charged with committing, nor could anything from recording serve as a defense to the charged crime. At best, the video recording served as corroborating evidence that led to the search that

8

led in turn to the discovery of the defendant's possession of firearms.  It does not discuss the defendant's possession of firearms in any way, similar to the way the confidential informant in *Beals* did not have any involvement in the handguns which were later found or any information about them.  *See id.* ("The informant did not orchestrate or involve himself in any controlled methamphetamine purchases, supply [the defendant] with pseudoephedrine, or sell or lend [the defendant] the handgun later found in the garage.").  The defendant has not presented sufficient evidence to show that the magistrate judge's conclusion that the video recording was not relevant to the charge in the indictment was clearly erroneous.  Accordingly, the Court will affirm the magistrate judge's memorandum and order as it relates to this alternative basis for its decision.

**IV. Conclusion**

Upon review of the magistrate judge's memorandum and order [Doc. 20], the parties' briefs, and the relevant law, and for the reasons stated herein, the Court determines that the magistrate judge fully and correctly considered the issues presented by the defendant's appeal, and that the order is neither clearly erroneous or contrary to law.  Accordingly, the Court hereby **AFFIRMS** the memorandum and order of Magistrate Judge Guyton denying the defendant's motion for discovery [Doc. 12].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE