IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:13-CR-7 |
| v. | ) | |
| | ) | (VARLAN / GUYTON) |
| RICHARD STEVEN HALL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. §

636(b) for disposition or report and recommendation regarding disposition by the District Court as

may be appropriate. This case is before the Court on Defendant Hall's Motion to Suppress Evidence

Obtained as a Result of Insufficient Search Warrant [Doc. 11], filed on March 15, 2013. The parties

appeared for a hearing on the motion on July 18, 2013. Assistant United States Attorney Cynthia

F. Davidson appeared on behalf of the Government. Assistant Federal Defender Bobby E. Hutson,

Jr., represented the Defendant, who was also present. The Government entered the search warrant

and all attachments as Exhibit 1 and made a proffer with regard to the execution of the search

warrant. The Court granted the Defendant's request to brief the argument on the motion. The

Defendant filed a supplemental memorandum [Doc. 30] on July 26, 2013. The Government filed

a post-hearing response [Doc. 31] on August 2, 2013. At that time, the Court took the motion and

filings under advisement.

1

# I. POSITIONS OF THE PARTIES

Defendant Hall is charged [Doc. 1] with the possession of firearms and ammunition on September 14, 2012, after having previously been convicted of a felony. The Defendant asks the Court to suppress evidence gained in the September 14, 2012 search of his home. He argues that probable cause did not exist to issue the search warrant because the supporting affidavit fails to provide corroboration for the allegations of the unknown informant and/or "Seller #1" with regard to a controlled buy. Additionally, he contends that the remaining allegations in the affidavit of anonymous citizen complaints about him are general, unsubstantiated, and stale.

The Government responds that the search warrant is supported by probable cause because the affidavit relates that a monitored, controlled drug transaction occurred at the Defendant's residence within three days of the affiant seeking the search warrant. It contends that the affidavit reveals that the confidential informant had previously proven reliable and, thus, additional corroboration of the informant's firsthand observations is not required. The Government alternatively argues that the evidence seized from the search of the Defendant's property should not be suppressed because the officers executed the search warrant in good faith.

# II. ANALYSIS

The Fourth Amendment protects the right to be free from unreasonable searches and seizures. In this respect, a judge shall not issue a warrant for the search of a person, home, or personal property except upon a finding of "probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. In the instant case, the Defendant asks the Court to suppress evidence seized in the

2

September 14, 2012 execution of a search warrant for his residence, as well as any evidence that is the fruit of the search to include his statements. He argues that the affidavit of Task Force Investigator Rusty Aycocke offered in support of the search warrant provides uncorroborated information from two unidentified individuals, an informant and a drug dealer identified only as "Seller #1," whose reliability is not established. Additionally, he argues that when the information from these unknown persons is excluded, the remaining allegations are general, unsubstantiated, and stale. Accordingly, the Defendant argues that Investigator Aycocke's affidavit fails to provide probable cause to search his property.

## A.  Applicable Law

A search warrant may issue upon the judge finding probable cause to believe that the location to be searched contains contraband or the evidence of a crime. United States v. Besase, 521 F.2d 1306, 1307 (6th Cir. 1975). Probable cause to search is "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). To make such a showing "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Id. at 244 n.13. Thus, the Supreme Court has observed that

> probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," Carroll v. United States, 267 U.S. 132, 162, . . . (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required. Brinegar v. United States, 338 U.S. 160, 176, . . . (1949).

Texas v. Brown, 460 U.S. 730, 742 (1983). In other words, probable cause is "reasonable grounds

3

for belief supported by less than prima facie proof but more than mere suspicion." United States v. Bennett, 905 F.2d 931, 934 (6th Cir. 1990). Whether probable cause to issue a search warrant exists is evaluated by looking at the totality of the circumstances. Gates, 462 U.S. at 238.

The issuing magistrate's determination that probable cause exists is entitled to "'great deference.'" United States v. Allen, 211 F.3d 970, 973 (6th Cir. 2000) (quoting Gates, 462 U.S. at 236). This deferential standard promotes the preference for the use of search warrants as opposed to warrantless searches. Id. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. The "duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. at 238-39. In making this determination, the Court considers only the information that was before the issuing judge–in other words, only what is contained within the four corners of the supporting affidavit. United States v. Hatcher, 473 F.2d 321, 323 (6th Cir. 1973).

## B. Probable Cause

The Court evaluates Investigator Aycocke's affidavit to determine whether it provides a substantial basis for the issuance of the instant search warrant. After describing Investigator Aycocke's fifteen years of experience in investigating drug crimes, the affidavit provides the following information as probable cause to search the Defendant's residence for evidence of drug trafficking: (1) "multiple citizen complaints and other forms of intelligence dating from 2006 to present" have identified Richard Hall, a black male residing at 225 Andy Carr Avenue, as selling

4

crack cocaine; (2) within the last sixty-nine (69) hours, a confidential source wearing a recording device used marked money to purchase crack cocaine from "Seller #1," whom the confidential source observed entering a structure on Hall's property to get the crack cocaine, (3) the confidential source has watched Hall conduct multiple sales of crack cocaine at this same structure on his property within the last two weeks; (4) a second confidential source stated that in August, s/he had purchased crack cocaine from Hall inside a structure at 225 Andy Carr Avenue facing Burns Street, and (5) Hall has prior felony convictions for selling cocaine. The Defendant argues that this information fails to provide probable cause because the information from the first confidential source and Seller#1 about the controlled buy is not corroborated. He argues that the remaining information is too general and stale.

*(1) First Confidential Source*

Probable cause for the issuance of a search warrant may be gleaned from information provided by a confidential source but, in such cases, the issuing judge must have a basis for finding that the source is reliable or credible and was in a position to know the information provided, as part of the totality of the circumstances analysis. United States v. Dyer, 580 F.3d 386, 390 (6th Cir. 2009); see also Gates, 462 U.S. at 233 (holding that a confidential informant's reliability and basis of knowledge are "relevant considerations in the totality-of-the-circumstances analysis"); Allen, 211 F.3d at 972-73. An informant's veracity or reliability and basis of knowledge are not rigid categories. Id. Instead, deficiencies in one aspect can be made up by a strong showing in another. Gates, 462 U.S. at 232-33; Allen, 211 F.2d at 981. Additionally, information provided by a confidential informant can be independently corroborated by law enforcement. United States v.

5

Jones, 159 F.3d 969, 974 (6th Cir. 1998). This independent police corroboration must be "substantial." United States v. Frazier, 423 F.3d 526, 532 (6th Cir. 2005). Police do not necessarily have to corroborate the criminal conduct observed by the informant; instead, corroboration of unincriminating facts can be sufficient to establish probable cause. Gates, 462 U.S. at 243-44. "It is enough, for purposes of assessing probable cause, that 'corroboration through other sources of information reduced the chances of a reckless or prevaricating tale,' thus providing 'a substantial basis for crediting the hearsay.'" Id. at 244-45 (quoting Jones v. United States, 362 U.S. 257, 269, 271 (1960)).

In the instant case, the first confidential source had a firsthand or eyewitness basis of knowledge regarding the Defendant's sale of crack cocaine from his property. The affidavit relates that the confidential source "advised that he/she has, within the past two weeks, witnessed Richard Hall conduct other sales of Crack Cocaine at this same structure located at 225 Andy Carr Avenue, described as facing Burns Street[.]" The affidavit also relates that the confidential informant "has within the past two weeks, witnessed Richard Hall to [sic.] walk directly to a residential structure located at 225 Andy Car Avenue, described as facing Andy Carr Avenue . . . , after completing Crack Cocaine sales." Thus, the affidavit states that the confidential source has *seen* the Defendant sell crack cocaine from a garage-type building ("the garage") on his property and then enter his house immediately after conducting these drug sales.

The Government argues that the confidential source's credibility and reliability are established by the fact that he or she has provided reliable information to Investigator Aycocke in the past. It contends that in such situations, no independent police corroboration is necessary. Sixth Circuit "precedent 'clearly establishes that the affiant need only specify that the confidential

6

informant has given accurate information in the past to qualify as reliable.'" United States v. Brown, 715 F.3d 985, 990 (6th Cir. 2013) (quoting United States v. Greene, 250 F.3d 471, 480 (6th Cir. 2001) (affirming reliability of informant for whom affidavit states had provided information that resulted in "numerous felony arrests")); see also Allen , 211 F.3d at 975 (deeming it sufficient that the affiant state that he had known the informant for five years and had previously received reliable information from him regarding criminal activity); United States v. Finch, 998 F.2d 349, 352 (6th Cir. 1993) (affirming reliability of informant as to which the affiant stated "had given information resulting in drug arrests and seizures in the past"); United States v. Dudek, 560 F.2d 1288, 1292 (6th Cir. 1977) (approving the issuance of a search warrant based upon information from "an unnamed informant whom the affiant swore had given reliable information in the past resulting in 'several arrests and convictions' and in 'recovery of large quantities of stolen property'"); United States v. Jenkins, 525 F.2d 819, 823 (6th Cir. 1975) (holding that "the general believability of such a source may be satisfactorily established before a magistrate by the affiant's declaration that the informant has in the past given accurate information").

In the present case, the affiant relates the following with regard to the first confidential source's reliability:

> In 2012, your Affiant developed a confidential source (herein referred to in this affidavit as CS) who advised that he/she could purchase Crack Cocaine and other illegal drugs from multiple drug dealers in Blount County, TN. This CS gave your Affiant specific details about drug dealers and specific drug trends in Blount County that your Affiant and/or other members of the 5th Judicial Drug Task Force had already corroborated through past and/or current investigations. The corroborated information that this CS has given your Affiant goes towards the totality of this CS's credibility. This CS is familiar with Crack Cocaine, common ways of packaging Crack Cocaine, other illegal drugs and illegal drug trends through past use and association.

> Everything this CS has told your Affaint has been found to be credible and reliable. This CS has conducted multiple successful undercover illegal drug purchases under the control of and at the direction of the 5th Judicial Drug Task Force. Prior to and after each of these successful undercover illegal drug purchases, this CS and his/her vehicle would be searched for contraband. No contraband was found on any of these occasions. Your Affaint has listened to and/or watched multiple recordings from the undercover illegal drug purchases that this CS has conducted and has recognized them to be true and accurate depictions of what this CS advised happened in each case. Your Affiant recognized these recordings to be illegal drug transactions.

Thus, the affiant states that this confidential source has previously provided accurate information about drug dealing in Blount County and has participated in multiple controlled buys, which the affiant confirmed were illegal drug transactions by listening to and/or watching the recordings of these transactions.

The affidavit does not state that the confidential source's information has led to the seizure of drugs or to drug convictions in the past. Such statements, while beneficial to a finding of reliability, are not required. See Brown, 715 F.3d at 989-90 (holding that affiant's statement that the informant's prior information had been corroborated by the Narcotics Enforcement Team demonstrated the informant's reliability even though it did not relate that the information led to drug convictions), see, e.g., Allen, 211 F.3d at 976 (affirming reliability of informant based upon affiant's statement that informant had provided information on criminal activity that has proven to be true). Probable cause does not turn upon the use of "magic words" or phrases but, instead, the affidavit must provide "sufficient facts from which the magistrate could draw an independent conclusion as to the probability (certainty is not required) of what it alleged a search would disclose." See Id. at 975. In other words, the affiant must give the reviewing judge some basis on which to assess the

8

affiant's conclusion that the informant is reliable. Here, Investigator Aycocke does that by stating that he had corroborated information previously provided by the source both by comparing it to known facts from prior investigations and by reviewing the recordings of controlled buys and determining that they were, in fact, drug transactions that occurred in the way that the confidential source had described to him in debriefing. Accordingly, the Court finds that the affiant's statement that the first confidential source had previously provided accurate information on drug trafficking establishes the source's reliability.

The Defendant faults the affidavit for providing no independent police corroboration of the information from the first confidential source, not even that the affiant had reviewed the recording of the controlled buy with Seller #1. First, the Court observes that it is to judge the sufficiency of probable cause by what the affidavit contains, "not on what it lacks, or on what a critic might say should have been added." Id. Second, if the affidavit establishes that the informant has been historically reliable, then there is no need for independent police corroboration. Brown, 715 F.3d at 990-91.

Finally, even though not necessary, the Court finds that there was some law enforcement corroboration of the information by the first confidential source. The controlled buy with Seller #1 corroborates the confidential source's information that cocaine was being dealt out of the Defendant's garage. See United States v. Coffee, 434 F.3d 887, 894 (6th Cir. 2006) (holding that the officer's "statements that he set up the controlled buy and took necessary precautions before and after the orchestrated purchase adequately corroborated the CI's information, and thus, provided sufficient probable cause for the issuance of the search warrant"). Moreover, the layout of the Defendant's property is established by the aerial photographs, Blount County Warranty deed, and

subdivision parcel maps attached to and referenced in the affidavit. These photographs and maps reveal that the Defendant's home faces Andy Carr Avenue and the Defendant's garage faces Burns Street, as described by the confidential source. Additionally, the affiant observed the confidential source and Seller #1 together in the Defendant's neighborhood. The affiant subsequently debriefed the confidential source about the controlled buy with Seller #1, and the controlled source's "account of the events [was] consistent with your Affiant's observations and consistent with all evidence collected during this transaction." The Court infers that the confidential source's account of what transpired during the controlled buy was also consistent with the recording of the controlled buy, which was evidence collected during the transaction.[1]

Defendant also raises the issue of "double hearsay" in the affidavit, contending that the confidential source told the affiant that Seller #1, who is a drug dealer, said that he or she was out of crack cocaine and "would have to go into 'Bubba's' to get it." The affidavit states that the Defendant is also known as "Bubba Cool." Investigator Aycocke relates that the confidential source related that he or she gave Seller #1 the marked money and watched as Seller #1 walked directly into the Defendant's garage and then returned with crack cocaine. Accordingly, the confidential source's observations corroborate that Seller #1 went into the Defendant's garage to get crack cocaine as Seller #1 said that he or she needed to do. Moreover, the affidavit relates that the confidential source had seen the Defendant selling crack cocaine out of this very building, his garage, in the two weeks preceding the controlled buy. The Court finds that the affidavit informs the reviewing magistrate

---

[1]The Court notes that although it reviewed the recording of the controlled buy *in camera* in relation to the Defendant's discovery motion, the Court does not consider the contents of that recording with regard to the probable cause analysis because it may only consider that information presented to the issuing magistrate. Hatcher, 473 F.2d at 323.

10

that Seller #1 is a known drug dealer and that the confidential source did not go into the Defendant's garage with Seller #1. Accordingly, the reviewing magistrate could properly weigh this information from Seller #1 as a part of the totality of the circumstances.[2]

*(2) Second Confidential Source*

The Defendant's arguments regarding the affidavit's failure to demonstrate the reliability of a second, unnamed individual appear to relate to Seller #1 and are addressed above. However, the affidavit does provide information from a second confidential source as follows:

> During the month of August, your Affiant interviewed a second confidential source that stated that he/she had recently purchased Crack Cocaine from Richard Hall while inside a structure located at 225 Andy Carr Avenue, described as facing Burns Street and being located on both Parcel 27 and Parcel 29, on Block 7, Lot P1 and Lot 2 of the Maryville Real Estate First Edition.

[Exh. 1, p.3] Unlike with the first confidential source, the affidavit contains no information about law enforcement using this second confidential source in the past or whether the second confidential source had previously supplied reliable information. In the absence of any historical reliability of the informant, the affiant must provide substantial independent corroboration of the informant's information. See Frazier, 423 F.3d at 532. While this corroboration does not have to go to the criminal conduct observed by the informant, it must be significant enough to limit the chance that

---

[2]The Defendant also argues that the fact that the search revealed no controlled substances or marked money on the Defendant's property is "evidence of the unreliable and uncorroborated information used in this case[.]" [Doc. 30, p.7] The Court may only consider that information contained within the four corners of the affidavit in assessing whether the issuing magistrate had probable cause. Hatcher, 473 F.2d at 323. Accordingly, neither the absence of drugs or marked money, nor the presence of $620, digital scales, and drug paraphernalia, which the Government alleges [Doc. 16, p.2] were seized in the search, enures to the benefit of either party.

11

the informant's account is invented or misleading. <u>Gates</u>, U. S 244-45.

The instant affidavit reveals the second confidential source is both a member of the criminal milieu (a purchaser of illegal drugs) and an eyewitness/participant in the alleged drug transaction with the Defendant. Thus, the second source has firsthand knowledge of the information he/she provides, yet his or her reliability or credibility must be corroborated. The police corroboration of the second source's information is minimal. The affidavit reveals only that the second source's description of the location of the drug transaction matches the information on the deed (that Defendant owns the building) and the layout of the property (that the Defendant's garage faces Burns Street and extends over two parcels of land). The Court questions whether this alone is sufficient to demonstrate that the second confidential source is reliable. However, the Court finds that the second source's information is further corroborated by the controlled buy and observations of the first confidential source, who has seen the Defendant selling crack cocaine out of his garage around the same time frame. Thus, the Court finds that the magistrate could rely on the information from the second source as part of the totality of the circumstances providing probable cause. Alternatively, the Court finds that if the information from the second source is omitted from the probable cause calculus, the affidavit still provides a substantial basis to issue the search warrant based upon the information from the first source.

*(3) Anonymous Citizen Complaints*

The Defendant also argues that the citizen complaints referenced in the affidavit are stale and give only uncorroborated, generalized information, which cannot provide probable cause to issue a search warrant for his residence. With regard to the citizen complaints, the affidavit states "The Fifth

Judicial Task Force has received multiple citizen complaints and other forms of intelligence dating from 2006 to [the] present supporting that a black male named Richard Hall, who currently resides at 225 Andy Carr Avenue, . . . is a seller of Crack Cocaine." [Exh. 1, p.1]  The Defendant argues that the affidavit does not indicate that law enforcement has investigated these complaints to determine whether the information is still fresh.  He argues that allegations of drug activity occurring in 2006 and even within weeks of the search warrant would be stale and not sufficiently reliable to provide probable cause.

Whether information in an affidavit is stale does not depend upon an arbitrary time limitation but is tied to the nature of the crime, the criminal, the location of the search, and the items sought. United States v. Spikes, 158 F.3d 913, 923-24 (6th Cir. 1998), cert. denied, 525 U.S. 1086 (1999).

> [C]ourts must also concern themselves with the following variables: "the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), the place to be searched (mere criminal forum of convenience or secure operational base?), etc."

Id. at 923 (quoting Andresen v. State, 331 A.2d 78, 106 (Md. Ct. Spec. App. 1975)).  The length of time from the events in the affidavit to the warrant application is important but not controlling.  Id. at 923.  Additionally, "information from an informant that is otherwise stale may be 'refreshed' if the affidavit contains 'recent information [that] corroborates otherwise stale information.'" United States v. Thomas, 605 F.3d 300, 310 (6th Cir. 2010) (quoting Spikes, 158 F.3d at 924).  "Evidence of ongoing criminal activity will generally defeat a claim of staleness." United States v. Greene, 250 F.3d 471, 481 (6th Cir. 2001).

In the present case, citizen complaints of drug sales dating back to 2006 would undoubtedly

13

be stale. "Given the mobile and quickly consumable nature of narcotics, evidence of drug sales or purchases loses its freshness extremely quickly." United States v. Brooks, 594 F.3d 488, 494 n.4 (6th Cir.), cert. denied 130 S. Ct. 3403 (2010). However, the controlled buy involving crack cocaine from the Defendant's garage occurred within three days of the application for the search warrant and was not stale. United States v. Jackson, 470 F.32d 299, 308 (6th Cir. 2006) (holding that information about a controlled buy of crack cocaine occurring three days before the issuance of the search warrant was not stale). The controlled buy in the instant case updates or refreshes the information from the first source that he or she observed the Defendant selling crack cocaine in the two weeks preceding the warrant application, as well as the information from the second source that he or she purchased crack cocaine from the Defendant in the month preceding the application. The information from the controlled buy, the first source, and the second source taken together reveal that the Defendant engaged in the ongoing criminal activity of selling crack cocaine out of his garage for at least a month to six weeks prior to the application. The recent ongoing nature of the Defendant's criminal activity at his property could serve to refresh some of the more recent citizen complaints.

Nevertheless, the citizen complaints cannot provide a substantial basis for probable cause because they are too general and their reliability cannot be inferred. The affidavit does not state how many citizen complaints were received, the dates of the complaints, whether the complaints stated that the Defendant was selling crack cocaine from his residence, or importantly, whether law enforcement knew the names and/or other contact information of the complainants so that they could contact them again. The important distinguishing feature between named citizen informants and anonymous tipsters is whether the police have the ability to contact them in the event that their information proves to be false. See United States v. Long, 464 F.3d 569, 573 (6th Cir. 2006)

14

(observing, in the context of reasonable suspicion for a <u>Terry</u> stop, that had the anonymous caller been lying, the police could have confronted him). Accordingly, our appellate court has recently held that "[s]tatements from a source named in a warrant application . . . are generally sufficient to establish probable cause without further corroboration because the legal consequences of lying to law enforcement officials tend to ensure reliability." <u>United States v. Lonnie Hodge</u>, No. 12-1173, 2013 WL 1694437, *4 (6th Cir. Apr. 19, 2013); <u>see also</u> <u>United States v. Miller</u>, 314 F.3d 265, 269–70 (6th Cir. 2002); <u>United States v. Pelham</u>, 801 F.2d 875, 878 (6th Cir. 1986). In contrast, "[u]nlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated, . . . 'an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity[.]'" <u>Florida v. J.L.</u>, 529 U.S. 266, 270 (2000) (quoting <u>Alabama v. White</u>, 496 U.S. 325, 329 (1990)).

In the instant case, the lack of detail in the affidavit about the citizen complaints means that they are not reliable pieces of information for the magistrate to weigh in considering the totality of the circumstances. Instead, the Court finds that the citizen complaints merely provide background information about the investigation. In any event, the Court finds that the affidavit furnishes probable cause to support the search warrant based upon the information of the controlled buy and the observations of the first confidential source.

In summary, the Court finds that the instant affidavit, particularly the information from the first confidential source regarding his or her observations of the Defendant selling crack cocaine out of his garage and the controlled buy occurring within three days of the application for the search warrant, provides probable cause for the issuance of the search warrant. The Court recommends that the Defendant's suppression motion [Doc. 11] be denied.

## C. Good Faith Reliance

The Government argues that if Investigator Aycocke's affidavit fails to provide probable cause to search the Defendant's property, the exclusionary rule should not be applied to suppress evidence in this case because law enforcement relied upon the search warrant in good faith. In the event that the District Judge disagrees with the above analysis on probable cause, the Court briefly addresses this alternative argument by the Government.

"The general remedy for a Fourth Amendment violation is that evidence obtained due to the unconstitutional search or seizure is inadmissible." United States v. Dice, 200 F.3d 978, 983 (6th Cir. 2000); see also Mapp v. Ohio, 367 U.S. 643, 654 (1961) (holding that "all evidence obtained by an unconstitutional search and seizure [is] inadmissible in federal court"); Weeks v. United States, 232 U.S. 383, 398-99 (1914) (establishing the exclusionary rule as the remedy for violations of the Fourth Amendment). However, the exclusion of evidence is "a judicially created rule . . . 'designed to safeguard Fourth Amendment rights generally through its deterrent effect.'" United States v. Herring, 555 U.S. 135, 140 (2009) (quoting United States v. Calandra, 414 U.S. 338, 348 (1974)). The exclusionary rule applies only where "its remedial objectives are thought most efficaciously served," Arizona v. Evans, 514 U.S. 1, 11 (1995), and where it "'results in appreciable deterrence.'" Herring, 129 S. Ct. at 141 (quoting United States v. Leon, 468 U.S. 897, 909 (1984)).

In Leon, the United States Supreme Court held that the exclusionary rule should not bar "admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." Leon, 468 U.S. at 905. The relevant inquiry is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n. 23. Leon established four situations in which an officer's reliance on

16

a subsequently invalidated warrant could not be considered to be objectively reasonable: (1) when the search warrant is issued on the basis of an affidavit that the affiant knows, or is reckless in not knowing, contains false information; (2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; (3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable, or where the warrant application was supported by nothing more than a "bare bones" affidavit; and (4) when the warrant is so facially deficient that it cannot reasonably be presumed to be valid. See United States v. Washington, 380 F.3d 236, 241 (6th Cir. 2004).

The only above-quoted "exception" to good faith reliance that is relevant in this case is whether the executing officers unreasonably relied on the search warrant because the affidavit was obviously devoid of probable cause. Here, law enforcement executed a search warrant based upon Investigator Aycocke's four-page, single-spaced affidavit and nine pages of attached photographs, maps, and related information that identifies the property in question. The affidavit provides information of a controlled buy out of the Defendant's garage less than three days from the issuance of the search warrant and also provides firsthand observations by two separate confidential sources of the Defendant selling crack cocaine out of his garage. The Court finds nothing that should have indicated to the officers that the affidavit was obviously lacking in probable cause or was bare bones. Thus, the Court finds that a reasonably well-trained officer would not have understood the search to be illegal and that the Leon good faith exception should apply in this case.

17

### III.  CONCLUSION

After carefully considering the motion, the briefs, the exhibits, and the relevant legal authorities, the Court finds no basis to suppress the evidence gained in the September 14, 2012 search of the Defendant's property.  For the reasons set forth herein, it is **RECOMMENDED** that the Defendant's Motion to Suppress Evidence Obtained as a Result of Insufficient Search Warrant [**Doc. 11**] be **DENIED**.[3]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[3]Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended).  Failure to file objections within the time specified waives the right to review by the District Court.  Fed. R. Crim. P. 59(b)(2); see  United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order).  The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general.  Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).